From: The District Court of the Eighteenth Judicial District. County of Gallatin.

STATE OF MONTANA, Plaintiff, vs. DONALD R. BRITTAIN, Defendant.

NO. 2090 A

## DECISION

The application of the above-named defendant for a review of the sentence of ten years with seven days jail time credit for manslaughter (killing wife with a .30-.30 rifle reported to have been firmly pressed against face) imposed on October 14, 1969, was fully heard and after a careful consideration of the entire matter it is decided that:

The sentence be and remain as originally imposed.

It is true that this sentence could have been for less, but it also appears that the original charge was second degree murder and that the sentence came upon a plea of guilty to manslaughter. Here the sentencing judge was one of the two senior judges of Montana with many years of extensive experience, and, presuming as we do, that the sentencing judge was correct in his assessment of the situation, we are unable to say that the imposed sentence was not proper, reasonable, and sufficiently lenient, the crime, the individual, and the sentencing goals kept in mind, although it may be that defendant previously had a good record and defendant was displeased with his wife's conduct. "The sentencing problem does not yield to exact analysis. It deals with human beings with differing qualities, and is still the product essentially of a process requiring analytical skill, competence and judgment of human wisdom." State v. Johnson, 158 A.2nd 746 (Conn.).

Whether, under the terms of the manslaughter statute, the crime was voluntary or involuntary, it remains one of utter violence and without all remedy to the victim. Her life was extinguished by a criminal act and this may not be lightly held by anyone, despite statements that there was no agreement prior to judgment as to the length of the sentence and that the sentence came as a surprise. Further, it appears that defendant will be eligible for parole consideration in August, 1971, and possibly at an earlier time with the "good time" he may earn.

We thank Douglas R. Drysdale, Esq., for his assistance to the defendant.

DATED this 29th day of December, 1969.

## SENTENCE REVIEW DIVISION

Philip C. Duncan, chairman; Paul G. Hatfield and Sid G. Stewart.